MARY JO O'NEILL  AZ BAR #005924
SALLY C. SHANLEY  AZ BAR #012251
P. DAVID LOPEZ  DC BAR #426463
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**PHOENIX DISTRICT OFFICE**
3300 NORTH CENTRAL AVENUE, SUITE 690
PHOENIX, ARIZONA  85012-2504
TELEPHONE: (602) 640-5016
FACSIMILE:   (602) 640-5009
E-MAIL:
mary.oneill@eeoc.gov
sally.shanley@eeoc.gov
patrick.lopez.@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>            Plaintiff,<br><br>   v.<br><br>Apothecary Shop of Scottsdale, Inc., d/b/a Apothecary Shops of Arizona; and Apothecary Shop of Gilbert, Inc.,<br><br>            Defendants. | CIV<br><br>**COMPLAINT**<br><br>(Jury Demanded) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of race and retaliation, and to provide appropriate relief to Jacinta Hines, who was adversely affected by such practices.  As alleged with greater particularity below, the Commission alleges Defendants Apothecary Shop of Scottsdale, Inc., d/b/a Apothecary Shops of Arizona; and Apothecary Shop of Gilbert, Inc., ("Defendants" or "Apothecary Shops")discriminated against Jacinta Hines because of her race, African-American,  and sex, female, when they terminated her from the Pharmacy Director position at their Gilbert, Arizona store.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants, Apothecary Shop of Scottsdale, Inc., and Apothecary Shop of Gilbert, Inc., have continuously been Arizona corporations doing business in the State of Arizona and the Cities of Gilbert and Scottsdale, and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Ms. Hines filed a charge with the Commission alleging violations of Title VII by Apothecary Shops. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2004, Apothecary Shops has engaged in unlawful employment practices at their Gilbert, Arizona facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by discriminating against Ms. Hines on the basis of her race,

African-American, and sex, female, when they terminated her from her position as a Pharmacy Director.

8. At the time of Ms. Hines' termination, Defendants' employee handbook contained a corrective counseling policy. This policy had a progressive discipline policy including written counseling, suspension, and probation.

9. Ms. Hines was never disciplined pursuant to Defendants' corrective counseling policy during her employment with Defendants.

10. Ms. Hines was never disciplined, counseled, or reprimanded informally by any of her supervisors during her employment with Defendants.

11. During her employment, no customer or employee ever submitted a written complaint to Defendants about Ms. Hines; however, at least three customers submitted written commendations to Defendants about Ms. Hines.

12. At the time Ms. Hines was terminated, Defendants retained two white, male Pharmacy Directors who had previously had their licenses suspended or had been placed on probation by the State Pharmacy Board for conduct harmful to customers. In contrast, Ms. Hines has never been subject to any disciplinary action by the State Pharmacy Board.

13. Defendants replaced Ms. Hines at their Gilbert store with one of the white, male Pharmacy managers who had previously been disciplined by the State Pharmacy Board.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race and sex discrimination and retaliation and any other employment practice which discriminates on the basis of race.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of their race or their

sex and for those who oppose unlawful employment discrimination, and which policies, practices and programs eradicate the effects of Defendants past and present unlawful employment practices.

  C. Order Defendants to make whole Jacinta Hines, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Jacinta Hines or front pay in lieu thereof.

  D. Order Defendants to make whole Jacinta Hines, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-13 above, including any medical expenses not covered by Apothecary Shops' employee benefit plan, in amounts to be determined at trial.

  E. Order Defendants to make whole Jacinta Hines by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7-13 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

  F. Order Defendants to pay Jacinta Hines punitive damages for the conduct described in paragraphs 7-13 above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 28th day of September, 2006.

           Respectfully submitted,

           RONALD S. COOPER
           General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507


 s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney


s/ Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney


s/ P. David Lopez
P. DAVID LOPEZ
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
(602) 640-5016
Attorneys for Plaintiff